# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROSEMARY BAILEY, dependent of SHERMAN BAILEY (deceased),**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-58**          (JCN: 890067339)

**PINE RIDGE COAL COMPANY,**
**Employer Below, Respondent**

 **and**

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER, in its**
**capacity as administrator of The Old Fund,**
**Respondent**

**FILED**
**September 4, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Rosemary Bailey, dependent of Sherman Bailey (deceased), appeals the January 17, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Offices of the Insurance Commissioner in its capacity as administrator of the Old Fund ("Old Fund") filed a response.[1] Ms. Bailey did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected Ms. Bailey's application for fatal dependents' benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bailey died on April 26, 2019. The death certificate listed his cause of death as influenza A with pneumonia and dysphagia; and stated that conditions leading to the cause of death were pneumonia, dysphagia, and chronic obstructive pulmonary disease ("COPD"). Ms. Bailey filed an application for fatal dependents' benefits dated November 16, 2020. The application noted that Mr. Bailey suffered from black lung and was on

---

[1] Ms. Bailey is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. The Old Fund is represented by James W. Heslep, Esq. Pine Ridge Coal Company did not appear.

1

oxygen. On March 24, 2021, the claim administrator held the claim compensable on a non-medical basis.

Mr. Bailey was granted a total of 50% in permanent partial disability ("PPD") awards due to occupational pneumoconiosis prior to his death. In 1995, Mr. Bailey was granted a 30% PPD award. On September 7, 2001, the Board of Review issued a decision in claim number 890067339, which reversed the claim administrator's order of January 11, 2001, and granted an additional 20% PPD award for a total of 50%.

Medical records dated May 27, 2002, to May 30, 2002, from Raleigh General Hospital indicate that Mr. Bailey was diagnosed with arteriosclerotic heart disease, pneumoconiosis, hiatal hernia with gastroesophageal reflux disease, peripheral vascular disease, and major affective disorder. CAMC records from July 1, 2002, to July 9, 2002, summarized Mr. Bailey's hospitalization. His principal diagnosis was coronary artery disease, and his secondary diagnoses were unstable angina, myocardial infarction in 2001, chronic obstructive pulmonary disease, chronic tobacco use, coal workers' pneumoconiosis, mild renal insufficiency, depression, anxiety, sciatica of the left leg, mild to moderate stenosis of the celiac artery, post-operative hypertension, rheumatoid arthritis, and history of lumbar disc surgery.

In its findings, dated October 19, 2021, the Occupational Pneumoconiosis ("OP Board") concluded that occupational pneumoconiosis ("OP") was not a material contributing factor in Mr. Bailey's death. The OP Board noted hyperinflation suggesting a background of COPD. On December 7, 2021, the claim administrator issued an order rejecting the claim for fatal dependents' benefits. Mr. Bailey's widow protested this order.

In a letter dated May 4, 2022, Charles Porterfield, M.D., opined that Mr. Bailey's smoking history was too short to account for his significant COPD and that he had enough exposure to coal dust to account for his pulmonary disability. Dr. Porterfield believed that OP contributed to Mr. Bailey's death.

On January 23, 2023, George Zaldivar, M.D., completed an independent medical evaluation report. Dr. Zaldivar opined that the medical records did not show any evidence of pneumoconiosis, simple or complicated. Dr. Zaldivar concluded that Mr. Bailey's death was not the result of coal workers' pneumoconiosis, but the result of severe cardiac and renal disease, and frequent pneumonias, none of which were related to his occupation. Finally, Dr. Zaldivar noted that Mr. Bailey's death was not hastened by his previous work in the coal mines.

On October 18, 2023, the OP Board members testified regarding their findings. John Willis, M.D., a radiologist, testified that Mr. Bailey's early x-rays showed minimal interstitial opacities consistent with a minimal degree of occupational pneumoconiosis. Further, Dr. Willis testified that subsequent x-rays demonstrated pneumonia in the right

and left lung, and evidence of heart failure. Jack Kinder, M.D., chairman of the OP Board, testified that he agreed with Dr. Willis' assessment that there was a finding of minimal, if any, occupational pneumoconiosis. Dr. Kinder noted that Mr. Bailey had been granted 50% impairment in his living occupational pneumoconiosis claim; and that his death certificate listed the immediate cause of death as complications of influenza causing cardiac problems. Further, Dr. Kinder opined that Mr. Bailey had COPD, likely caused by smoking cigarettes, that his cardiac function was approximately 35% to 40%, and that he developed heart failure with atrial fabulation and developed a kidney injury. Dr. Kinder noted that the x-rays showed "very minimal" OP. While Dr. Kinder explained that he did not agree with some portions of Dr. Zaldivar's report, he did agree with him that Mr. Bailey's demise was not due to OP. Dr. Kayi agreed with Drs. Willis and Kinder, and opined that Mr. Bailey was immunocompromised, had a history of congestive heart failure, COPD complicated by acute renal failure, and influenza, which was the cause of his death. Further, Dr. Kayi testified that there was no clinical evidence of pneumoconiosis that could be attributed to Mr. Bailey's death. The OP Board was not questioned, nor did it testify about Dr. Porterfield's letter dated May 4, 2022.

On January 17, 2024, the Board affirmed the claim administrator's order, which rejected Ms. Bailey's application for fatal dependents' benefits. The Board found that the OP Board was not shown to be clearly wrong, and that occupational pneumoconiosis did not contribute in a material way to Mr. Bailey's death. Ms. Bailey now appeals this order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __S.E.2d __ (2024).

On appeal, Ms. Bailey argues that the OP Board's decision was clearly wrong in finding that Mr. Bailey's smoking and heart issues were the primary cause of his death. Further, Ms. Bailey argues that the OP Board was clearly wrong in overlooking Mr. Bailey's substantial work history, which meets the presumption of West Virginia Code § 23-4-8c(b) (2009).[2] Finally, Ms. Bailey argues that it is unreasonable and against the substantial evidence of record to conclude that Mr. Bailey did not have OP, and that it was not a material contributing factor in his death. Upon review, we disagree.

The Supreme Court of Appeals of West Virginia has held that "the appropriate test under W. Va. Code 23-4-10(b) (1978) is not whether the employee's death was the result of the occupational injury or disease exclusively, but whether the injury or disease contributed in any material degree to the death." *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 435, 408 S.E.2d 13, 14 (1991). The Supreme Court of Appeals of West Virginia has held that the party protesting the findings of the OP Board has the burden to establish that the OP Board was clearly wrong. *See Rhodes v. Workers' Comp. Div.*, 209 W. Va. 8, 17, 543 S.E.2d 289, 298 (2000). Further, in accordance with West Virginia Code 23-4-6a (2005), the OP Board's decision made following the hearing must be affirmed "unless the decision is clearly wrong in view of the reliable, probative, and substantial evidence on the whole record."

Upon review, we find that the Board was not clearly wrong in finding that occupational pneumoconiosis did not materially contribute to Mr. Bailey's death based on the findings of the OP Board. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order, which denied Ms. Bailey's application for fatal dependents' benefits.

---

[2] West Virginia Code § 23-4-8c(b) provides that:

If it can be shown that the claimant or deceased employee has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his or her employment for a period of ten years during the fifteen years immediately preceding the date of his or her last exposure to such hazard and that the claimant or deceased employee has sustained a chronic respiratory disability, it shall be presumed that the claimant is suffering or the deceased employee was suffering at the time of his or her death from occupational pneumoconiosis which arose out of and in the course of his or her employment. This presumption is not conclusive.

Further, contrary to Ms. Bailey's argument that the Board overlooked Mr. Bailey's entitlement to the rebuttable presumption under West Virginia Code § 23-4-8c(b), the Board noted the presumption and considered the evidence submitted in rebuttal. Although Ms. Bailey asserts that Dr. Porterfield concluded that Mr. Bailey's exposure to coal dust contributed to his death, she did not question the OP Board about Dr. Porterfield's opinion. The Supreme Court of Appeals in *Rhodes* held that the party objecting to the OP Board's findings is required to question the OP Board about new medical evidence that it submits. *Rhodes,* 209 W. Va. 8, 543 S.E.2d 289, syl. pt. 3. We find that the Board was not clearly wrong in concluding that the presumption had been rebutted based on the medical evidence. The Board found that the medical evidence clearly established that Mr. Bailey had several other health conditions, including congestive heart failure, repeated bouts of pneumonia, and a smoking history that likely led to his development of COPD, and that occupational pneumoconiosis was not a contributing factor to his death.

Accordingly, we affirm the Board's January 17, 2024, order.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating.

5